NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TERESA CARLISLE, as an individual and on behalf of others similarly situated,

Plaintiff - Appellant,

v.

AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES, LLC, a Delaware limited liability corporation; AMAZON WEB SERVICES, INC., a Delaware corporation,

Defendants - Appellees.

No. 24-6022

D.C. No.
3:22-cv-06856-RFL

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Submitted December 9, 2025**
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

Appellant Teresa Carlisle appeals from the district court's order granting, in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

part, Appellees Amazon.com, Inc.; Amazon.com Services, LLC; and Amazon Web Services, Inc.'s (collectively, "Amazon") motion for summary judgment and denying, as moot, Carlisle's motion for class certification. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

A district court's decision to grant summary judgment is reviewed *de novo*. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). A district court's decision regarding class certification is reviewed for abuse of discretion. *Castillo v. Bank of Am., NA*, 980 F.3d 723, 728 (9th Cir. 2020).

1. The district court did not err in granting Amazon summary judgment on Carlisle's California Labor Code § 227.3 claim. Viewing Amazon's paid personal time (PPT) policy as a whole and in a "commonsense and reasonable manner," the policy language "reasonably informs employees" that the 10 PPT hours at issue vest on their date of hire or in January. *See Minnick v. Automotive Creations, Inc.*, 13 Cal.App.5th 1000, 1008 (Cal. Ct. App. 2017). The policy refers to the 10 PPT hours as hours that employees are "granted"[1] "in" January or "on" the date of hire (suggesting complete vesting as a single event), which the policy distinguishes from additional PPT hours that employees receive as hours that

---

[1] The transitive verb "grant" means "to bestow or transfer formally" as in to "grant a scholarship to a student." *Grant*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/grant (last visited Nov. 9, 2025) (emphasis omitted).

employees "accrue"[2] "over" eleven pay periods (suggesting partial vesting day-by-day).[3]  As the district court noted with respect to the first year of employment, it is telling that the policy "does not differentiate between employees who begin their jobs in January and those who begin their jobs later into the employment year," as one would assume that employees hired later into the year "would only receive a pro rata share of the 10 hours" if a portion of the hours vested day-by-day.  That the policy makes no such distinction further confirms that the 10 PPT hours immediately vest in January or on the date of hire.

Nor are the 10 PPT hours otherwise an advance.  As the district court noted, "Nowhere in the policy does it state that if the employee leaves prior to the end of that employment year, they would be required to return a pro rata share of the 10-hour award."  Instead, as the PPT policy reasonably illustrates, the 10 PPT hours immediately accrue in January or on the date of hire.  Following this accrual, an employee could promptly use the 10 PPT hours or quit forthwith and be entitled to the full share of the 10 PPT hours as wages.[4]  *See Owen v. Macy's Inc.*, 175

---

[2]     The intransitive verb "accrue" means "to accumulate or be added periodically."  *Accrue*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/accrue (last visited Nov. 9, 2025).

[3]     The chart included in the policy differentiates between the PPT hours employees receive in an equation: 10 PPT hours in January or on the date of hire "+" 3.6 hours per 10 pay periods and 1.1 hours per the 11th pay period in biweekly PPT = 48 PPT hours, the maximum PPT hour cap.

[4]     Carlisle points to an interpretive bulletin and opinion letters from the California Division of Labor Standards Enforcement (DLSE), but these are not

Cal.App.4th 462, 472 (Cal. Ct. App. 2009).

2.      The district court did not err in granting summary judgment to Amazon on Carlisle's California Unfair Competition Law (UCL), Business and Professions Code § 17200 et seq., claim.  Carlisle admits that her UCL claim hinges on her Labor Code § 227.3 claim.  Because the district court did not err in granting summary judgment to Amazon on Carlisle's § 227.3 claim, it did not err in granting summary judgment to Amazon on Carlisle's UCL claim.[5]

**AFFIRMED.**

---

binding on this court, *Yamaha Corp. of Am. v. State Bd. of Equalization*, 19 Cal. 4th 1, 7–8 (Cal. 1998), and they are of little or no support to her position that the 10 PPT hours partially vest day-by-day starting in the year prior to January.  For example, DLSE Opinion Letter 1986.12.30 regards a vacation policy that "accelerates" (i.e., the rate of accrual increases) and then "decelerates" (i.e., the rate of accrual decreases).  The DLSE stated that it would not approve such a policy following *Suastez v. Plastic Dress-Up Co.*, 31 Cal.3d 774 (Cal. 1982).  Here, to the extent that an employee hired later in the year receives more vacation rather than less, it is not clear how this would amount to a ruse to avoid the *Suastez* principles.  In the case of an employee who started in December and remained employed in January, the employee could promptly use the 10 PPT hours granted in December and the 10 PPT hours granted in January or quit forthwith and be entitled to the full share of the 20 PPT hours as wages.  *See Owen*, 175 Cal.App.4th at 472.  Indeed, in this instance, Carlisle received 10 hours of vacation time immediately upon her hiring in February 2021 and accrued additional hours until her termination in April of the same year.  In at least one sense, then, the PPT policy is to the advantage of employees.  Carlisle's argument that principles of equity and fairness support her view that Amazon violated Labor Code § 227.3 is unavailing for the same reason.

[5]      For the same reason, the district court did not abuse its discretion in denying, as moot, Carlisle's motion for class certification.